## KERSHAW COUNTY v. TOWN OF CAMDEN.

The intendant of a town, under the authority of a statute, committed to the county jail persons convicted of violations of the town ordinances, and for four years the jail fees for these prisoners were presented by the sheriff to the county commissioners, who paid them without the knowledge or authority of the town council. In action by the county commissioners against the town council to recover the amount so paid by them on account of these jail fees, *held*, that the payment was purely voluntary and therefore could not be recovered.

Before WALLACE, J., Kershaw, February, 1890.

The opinion fully states the case.

*Mr. C. L. Winkler*, for appellant.

*Mr. J. T. Hay*, contra.

June 19, 1890.　The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.　The intendant of the town of Camden, between the 1st of January, 1885, and the first of January, 1889, tried and convicted certain persons for violating the town ordinances.　These parties were committed to the county jail by virtue of the act of 1885, which authorized imprisonment in such cases either in the town lock up or county jail.　See act of December 24, 1885, 19 Stat., 254.　The jail fees for these prisoners were included in the monthly accounts of the sheriff, and were presented from time to time to the county commissioners, who paid them, the payments during the time mentioned above amounting to $191.10.　These payments were made without authority from the town council, in fact, without the knowledge or consent of said town council, there being no understanding whatever between the council and the sheriff or the county commissioners upon the subject.

In October, 1889, a demand was made upon the town council by the county commissioners for the amounts so paid, which being refused, the action below was brought.　His honor, Judge Wallace, finding that the payment of these fees by the county

commissioners was a voluntary payment, and without the knowledge or authority of the defendant, dismissed the complaint, holding that there was no privity of contract between the parties. The plaintiff has appealed, alleging error to his honor for thus ruling, and also claiming that plaintiff should have been subrogated to the rights of the sheriff, alleging that the defendant was originally liable to the sheriff for the expenses incurred by him in the imprisonment of the persons committed by the council. And the respondents gave notice that they would seek to sustain the judgment below on the ground that the prisoners having been committed to the county jail by the intendant of Camden acting as trial justice, the county was liable for the sheriff's fees, instead of the town council, and therefore that plaintiff had no legal claim against the defendant.

Whatever may be the correct view as to the original liability of the defendant to the sheriff, it being conceded that the payment by the plaintiffs was made without the knowledge or authority of the defendant, the payment was voluntary, and the plaintiff was a volunteer therein in the full sense of that term, and his rights must be governed by the law applicable to such cases. Now, in an action *ex contractu* to recover money, the plaintiff must allege and prove a contract either express or implied. There was certainly no express contract here. Was there an implied one? An implied contract for the payment of money arises in several classes of cases, represented in the common counts formerly used in declarations in actions under the old practice and pleadings, such as money had and received, money laid out and expended for the benefit of another, and at his instance and request, but we know of no principle of law which would authorize an implied contract to refund money paid by a volunteer having no interest therein, and being under no obligation thereto. On the contrary, the law as laid down by the text writers and in our own decided cases is directly to the reverse of this. See Greenl. Evid., §§ 107, 114; also *Matthews* v. *Colburn*, 1 Strob., 270. One who volunteers to pay the debt of another, unless requested so to do, or unless pressed thereto by some legal necessity, has no legal claim on that other. Here

there was no request, nor was there any legal necessity in so far as the defendant was concerned.

The doctrine of subrogation is invoked by the plaintiff, who contends that plaintiff should be subrogated to the rights of the sheriff, the plaintiff having paid the claim of the sheriff against the defendant. Even if this doctrine was applicable here in other respects, yet it is by no means clear that the fees of the sheriff were chargeable to the town council. The fees charged were ordinary jail fees for prisoners committed by a trial justice, and inasmuch as there is no provision in the act of 1885 requiring such fees to be paid by the town council of Camden, we do not think it is entirely clear that said council was liable, or that the sheriff and county commissioners made a mistake all the time from January, 1885, to 1889, in supposing that, as in other cases of commitment by trial justices, the county commissioners should pay them. But it is not necessary to determine this question decisively, inasmuch as we concur in the ruling of his honor below that the plaintiff being a volunteer, it has no claim against the defendant.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.